IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDIE LOUIS BREWER | § | |
| Plaintiff, | § § § | |
| VS. | § § | NO. 3-06-CV-1615-BD |
| THE UNITED STATES OF AMERICA, ET AL. | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Defendant United States of America has filed a motion to dismiss this case brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons stated herein, the motion is denied.

I.

This is a *pro se* civil action brought by Freddie Louis Brewer, a former federal prisoner, for money damages due to the negligence of Charles R. Fulbruge III, Clerk of the United States Court of Appeals for the Fifth Circuit.[1] In his complaint, plaintiff alleges that Fulbruge failed to dismiss his appeal for want of prosecution as directed by the court, which resulted in a determination on the merits and the imposition of costs against him. These costs were withdrawn from plaintiff's inmate trust fund account. By this suit, plaintiff seeks $20,000 in compensatory damages.

---

[1] Although plaintiff alleges negligence on the part of Fulbruge, a suit under the FTCA must be brought against the United States of America and not the responsible federal agency or employee. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988), *citing* 28 U.S.C. § 1346(b).

On November 3, 2006, the government moved to dismiss plaintiff's complaint on the ground that he failed to exhaust his administrative remedies by presenting his tort claim to the proper agency, the Administrative Office of the United States Courts ("AO"). In support of its motion, the government relied on the declaration of John L. Chastain, AO Assistant General Counsel, who testified that he conducted a search of the administrative claims database and could not locate any tort claim or letter that included the name "Freddie Louis Brewer." (*See* Gov't App. at 1, ¶ 1). Plaintiff responded by producing a copy of a letter he sent to former AO Director Ralph Meacham accusing Fulbruge of negligently handling his appeal and demanding $20,000 in damages. (*See* Plf. App. at 1). The magistrate judge found that the mailing of this letter created a fact issue as to whether the AO received plaintiff's claim and recommended that the government's motion to dismiss be denied. Mag. J. Rec., 11/15/06 at 3. On timely objection by the government, the district judge rejected the magistrate judge's recommendation because there was no evidence in the record to controvert Chastain's testimony that the AO had not received plaintiff's claim. *See* Order, 12/28/06. Rather than dismiss the case outright, the court authorized the parties to conduct limited discovery and supplement their legal arguments on the issue of whether plaintiff properly presented his tort claim to the AO. The court also appointed an attorney to represent plaintiff for that purpose. Having reviewed the supplemental briefing and evidence, the court now considers the government's motion to dismiss anew.[2]

II.

The United States has sovereign immunity from suit except where it waives immunity by consent. *See United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769-70, 85 L.Ed. 1058

---

[2] After the district judge rejected the magistrate judge's recommendation, both sides consented to proceed before the magistrate judge and the case was transferred to the undersigned pursuant to 28 U.S.C. § 636(c). *See* Order, 1/9/07.

(1941). Under the FTCA, the United States has waived sovereign immunity and consented to suit "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also Cross v. United States*, 159 Fed.Appx. 572, 575, 2005 WL 3477545 at *2 (5th Cir. Dec. 20, 2005). However:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). Presentment of a claim to the appropriate federal agency is a jurisdictional prerequisite to a tort suit against the United States. *See Cook v. United States Dept. of Labor*, 978 F.2d 164, 166 (5th Cir. 1992); *Stancomb v. United States*, 121 F.Supp.2d 1019, 1020-21 (E.D. Tex. 2000). A plaintiff has the burden of proving receipt of his claim by the appropriate agency. *Stancomb*, 121 F.Supp.2d at 1020-21, *citing* 28 C.F.R. § 14.2(a). Merely mailing the claim is not enough. *Id.*, *citing Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994).

The court has already found that there is no evidence plaintiff's claim was ever received by the AO. However, plaintiff also sent a pre-suit notice letter to Charles R. Fulbruge III, Clerk of the United States Court of Appeals for the Fifth Circuit. (Plf. Supp. at Exh. 3).[3] There is no dispute that Fulbruge actually received this letter. (*See* Def. Sec. Supp. Br. at 2). Instead, the government argues

---

[3] The court recognizes that plaintiff did not file a Form 95, the usual method of giving notice of a tort claim. However, a claimant gives proper notice under the FTCA "when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim." *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1442 (5th Cir. 1990). There is no question that plaintiff's letter to Fulbruge, which specifies the factual basis of his claim and demands $20,000 in damages, satisfies this requirement.

that the Fifth Circuit Court of Appeals is not the "appropriate Federal agency" for handling tort claims against its employees. Plaintiff counters that his tort claim should be deemed "constructively filed" upon receipt of the notice letter by the Fifth Circuit because the letter should have been immediately transferred to the AO.

A.

"When a claim is presented to any other federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer." 28 C.F.R. § 14.2(b)(1). To aid in the implementation of this requirement, the AO has promulgated policies and procedures for handling tort claims received by employees of the federal judiciary. The Guide to Judiciary Policies & Procedures ("JP&P"), an AO publication, provides, in pertinent part:

> Any officer or employee in the Federal Judiciary who receives a tort claim form *or any correspondence stating an intention to present a tort claim* should forward it immediately to the Office of the General Counsel, Administrative Office. Report the following information as soon as possible after it becomes known: the names and addresses of all claimants, attorneys, representatives or agents, insurance companies, and witnesses. Explain the relationship of each to the occurrence that gave rise to the tort claim. Provide copies of any accident reports, statements by employees involved in the occurrence, statements by witnesses and other pertinent documents that are available. <u>Do</u> <u>not</u> delay forwarding the claim itself until the entire report is complete. *Send the claimant's correspondence immediately with whatever information is available at the time*, then send any additional information upon obtaining it.

JP&P, vol. 1, ch. 11, pt. C at ¶ 2.B (emphases added). Although the Fifth Circuit has not addressed this precise issue, other courts have held that the tort claim transfer regulation, 28 C.F.R. § 14.2(b)(1), allows for "constructive filing" of a claim delivered to the wrong agency and neither transferred to the proper agency nor returned to the claimant. *See Greene v. United States*, 872 F.2d

236, 237 (8th Cir. 1989) ("When a federal agency fails to comply with section 14.2(b)(1), a claim that is timely filed with an incorrect agency shall be deemed timely presented to the appropriate agency."); *Bukala v. United States*, 854 F.2d 201, 203 (7th Cir. 1988) (describing doctrine of constructive filing as "both logical as well as fair and equitable"); *Ortiz v. United States*, No. F-03-6541, 2007 WL 404899 at *11 (E.D. Cal. Feb. 2, 2007) (citing cases discussing the constructive filing of tort claims filed with wrong agency).

B.

Here, plaintiff mailed his tort claim to Charles R. Fulbruge III, Clerk of the United States Court of Appeals for the Fifth Circuit, on or about April 20, 1998--less than seven weeks after money was withdrawn from his inmate trust account as a result of an order requiring him to pay the costs of his appeal. Federal regulations and AO policy required court employees to immediately transfer the claim to the proper agency and to notify plaintiff of the transfer. This was never done. There is no argument, much less evidence, that plaintiff waited until the last minute before filing his tort claim. *See, e.g. Hart v. Dept. of Labor ex rel. United States*, 116 F.3d 1338, 1341 (10th Cir. 1997) (claimants who wait to the last minute or the eleventh hour and file with the wrong agency cannot take advantage of constructive filing); *Cronauer v. United States*, 394 F.Supp.2d 93, 100 (D.D.C. 2005) (same); *Johnson v. United States*, 906 F.Supp. 1100, 1108 (S.D. W.Va. 1995) (same); *Lotrionte v. United States*, 560 F.Supp. 41, 43 (S.D.N.Y. 1983) (same). Because court employees failed to comply with transfer regulation and AO policy, plaintiff's tort claim was constructively filed when it was received by the Fifth Circuit.[4]

---

[4] The government argues that because plaintiff sent separate notice letters to both the Fifth Circuit and the AO, the transfer regulation did not require court employees to forward the letter to the AO. (*See* Def. Sec. Supp. Br. at 2-3). This argument fails for at least three reasons. First, neither the transfer regulation nor AO policy provides for such an exception. Second, contrary to the government's argument, plaintiff's letter to the Fifth Circuit was not addressed to the correct agency. The letter was addressed to "Charles R. Fulbruge III, U.S. Court of Appeals, Clerk." (Plf. Supp. App., Exh. 3). Third, plaintiff sent his letter to the Fifth Circuit on or about April 20, 1998, but did not mail his letter to the

## CONCLUSION

Defendant's motion to dismiss [Doc. #8] is denied. The government shall serve an answer within 10 days from the date of this order. *See* Fed. R. Civ. P. 12(a)(4)(A).

SO ORDERED.

DATED: June 27, 2007.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

AO until June 16, 1998. (*See id.*, Exhs. 2 & 3). Had court employees attempted "in a dutiful and timely fashion" to transfer the misdelivered letter, it would have been received by the appropriate agency before plaintiff mailed his letter to the AO--a letter the government contends was never received.